UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sylvia Mary Lee, a woman, | Case No. 15-cv-4379 (JRT/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| Jeffrey Slater; Milo J. Dahlin; Douglas L. Ruth; Daniel McIntosh; William Efferetz; Fran Windschitl; Laura Ihrke, Casey J. Christian; Kevin T. Dobie; Catherine Peipho; Cynthia Bauerly; Christy M. Horman; Marie Sexton; John Andrew Koskinen; Gary Ringhofer; Paul Ince; Bill Beckman; Mary Ulrich; Joseph Bueltel; Steven J. Rohlik; Loyal Merritt; Lon Thiele; Tom Tuma; Kay Anderson; Gene Buhr; Paul Knudson; Judy VanErp; Jessica Gillette; Rick Jones; Rick G. Kvien; Sanjiv Das; John Doe, Mary Rowe, personally, | |
| Defendants. | |

Plaintiff Sylvia Mary Lee brought the present lawsuit in December 2015 against Defendants. She also applied to proceed *in forma pauperis* ("IFP").

In an Order dated February 23, 2016, the Court found that Plaintiff could not be granted IFP status because her complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. (ECF No. 46.) This Court observed:

> Plaintiff has filed at least seven documents which could be construed as complaints or amendments to a complaint.

1

> (*See, e.g.*, ECF Nos. 1, 4, 5, 8, 13, 17, 20.)  Additionally, Plaintiff has filed over 200 pages of exhibits.  (*See, e.g.*, ECF Nos. 7, 9, 14, 21, 26, 42.)  As far as the Court can tell, Plaintiff's allegations appear to be intertwined with criminal proceedings related to non-payment of taxes pending in state district court in Steele County, Minnesota.  Among other things, Plaintiff appears to be challenging the State of Minnesota's jurisdiction over her, the foreclosure of a particular piece of property, and levies that were placed on certain bank accounts and properties.  Relatedly, Plaintiff contends that the Internal Revenue Service and the Minnesota Department of Revenue are harassing her.  Plaintiff also seeks damages relating to a truck and the reinstatement of certain veterans benefits belonging to her deceased husband.  Plaintiff's complaint(s) and accompanying exhibits are extremely long, almost impossible to follow, and do not comport with Rule 8(a)(2) of the Federal Rules of Civil Procedure which states that a claim for relief must contain a "short and plain statement" of the grounds for jurisdiction and the claim.

(Order at 2.)  Rather than recommend dismissal of this lawsuit at that time, the Court provided Plaintiff with an opportunity to file an amended complaint.  Plaintiff was given until March 15, 2016, to file an amended complaint, and she was warned that failure to file an amended complaint by that date would result in a recommendation that this case be dismissed for failure to prosecute.

Further, the Court noted that "it appears that the prosecution of the present lawsuit might improperly interfere with an active state court criminal case that is pending against Plaintiff" and that Plaintiff may be barred from pursuing this lawsuit "under the abstention principles discussed in *Younger v. Harris*, 401 U.S. 37 (1971)."  (Order at 3-4.)  Accordingly, because "the relationship between Plaintiff's current lawsuit and any state proceedings [wa]s not completely clear," Plaintiff was also ordered to file "a

separate memorandum explaining why this Court should not abstain from hearing this case pursuant to the *Younger* abstention doctrine." (Order at 4.) This memorandum was also due on March 15.

Approximately one week has passed since the Court's March 15 deadline, and Plaintiff has filed neither an amended complaint nor the required memorandum. While Plaintiff has filed a series of correspondence to Defendants and other individuals with accompanying documents, (ECF Nos. 51, 53), these materials are not responsive to the Court's February 23 Order. Therefore, the Court recommends, in accordance with its prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

[Continued on next page.]

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be **DENIED AS MOOT**.


Date: March  22  , 2016         *s/ Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge
                                for the District of Minnesota


*Lee v. Slater et al.*
Case No. 15-cv-4379 (JRT/TNL)


# NOTICE

**Filing Objections:**   This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.   A party may respond to those objections within 14 days after being served a copy of the objections.   LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**   This Report and Recommendation will be considered under advisement 14 days from the date of its filing.   If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.