# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SYLVIA MARY LEE, | Civil No. 15-4379 (JRT/TLN) |
| Plaintiff, | |
| v. | |
| JEFFREY SLATER, MILO J. DAHLIN, CHRISTY HARMON, GARY RINGHOFER, STEVEN J. ROHLICK, FRAN WINDSCHITL, LAURA IHRKE, CATHERINE PIEPHO, DANIEL MCINTOSCH, KEVIN T. DOBIE, CYNTHIA BAUERLY, JOHN DOE, MARY ROE, PAUL INCE, JOSEPH A. BUELTEL, CASEY CHRISTIAN, RICK KVIEN, SANJIV DAS, VIRGINIA JONES, DANIEL KAISER, DANNY THOMAS, MICHAEL CORBIN, CURTIS RAPP, SHANNON JONES, LOYAL MERRITT, LON THIELE, TOM TUMA, KAY ANDERSON, GENE BUHR, PAUL KNUDSON, JUDY VANERP, JESSICA GILLETTE, RICK JONES, MARY ULRICH, DOUGLAS L. RUTH, WILLIAM EFFERETZ, MARIE SEXTON, JOHN ANDREW KOSKINEN, BILL BECKMAN, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendants. | |

Sylvia Lee Slater, c/o **ACLU OF MINNESOTA**, 2300 Myrtle Avenue, Suite 180, St. Paul, MN 55114, *pro se*.

Kathryn Fodness, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St Paul, MN 55101-2128, for defendants Jeffrey Slater, Cynthia Bauerly, Joseph Bueltel, and Casey Christian.

Kevin T Dobie, **USSET, WEINGARDEN & LIEBO, PLLP,** 4500 Park Glen Road. Suite 300, Minneapolis, MN 55416, *pro se.*

Cameron A. Lallier, Thomas J. Lallier, and Thomas A. Harder, **FOLEY & MANSFIELD, PLLP**, 250 Marquette Avenue, Suite 1200, Minneapolis, MN  55401, for Defendants Paul Ince, Bill Beckman, and Sanjiv Das.

Paul D. Reuvers, Brian P Taylor, and Jason J.  Kuboushek, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendant Daniel Kaiser, Danny Thomas, Michael Corbin, Loyal Merritt, and Marie Sexton.

Kevin T. Dobie, **USSET, WEINGARDEN & LIEBO, PLLP**, 4500 Park Glen Road, Suite 300, Minneapolis, MN  55416, *pro se*.

Plaintiff Sylvia Mary Lee commenced this action on December 16, 2015, and applied to proceed *in forma pauperis* ("IFP").  (Compl., Dec. 16, 2015, Docket No. 1; IFP Appl., Dec. 16, 2015, Docket No. 2.)  Over the next five weeks, Lee filed at least six additional documents that could be construed as new complaints or amendments to the complaint, (*see* Docket Nos. 4, 5, 8, 13, 17, 20), as well as approximately 200 pages of exhibits, (*see* Docket Nos. 7, 9, 14, 21, 26, 42).  On February 23, 2016, United States Magistrate Judge Tony N. Leung issued an order finding that Lee could not be granted IFP status for two reasons.  (Order, Feb. 23, 2016, Docket No. 46.)  First, the Magistrate Judge concluded that her complaint did not comply with Federal Rule of Civil Procedure 8(a) because it did not include "a short and plain statement of the claim showing that the pleader is entitled to relief."  (*Id.* at 2.)  Second, the Magistrate Judge determined that Lee's claims might be barred by the *Younger* abstention doctrine because Lee is currently being prosecuted in Minnesota state court on charges that may relate to the present

action. (*Id.* at 3-4.) Instead of denying Lee's IFP application, however, the Magistrate Judge provided Lee with an opportunity to file an amended complaint in compliance with Rule 8(a) and a separate memoranda explaining why the Court should not abstain from hearing the case. (*Id.* at 4-5.) The Magistrate Judge set March 15, 2016, as Lee's deadline for submitting these documents and warned Lee that if she failed to meet this deadline, "she will be deemed to have abandoned this action, and the Court will recommend that the action be summarily dismissed, without prejudice, for failure to prosecute" under Federal Rule of Civil Procedure 41(b). (*Id.* at 4.)

Lee subsequently filed two documents, but neither was an amended complaint or a memoranda addressing abstention. (Private Invoice, Mar. 16, 2016, Docket No. 51; Revocation of Election Aff., Mar. 21, 2016, Docket No. 53.) Accordingly, after the March 15 deadline passed, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss the action without prejudice for failure to prosecute pursuant to Rule 41(b) and that Lee's IFP application be denied as moot. (R&R at 4, Mar. 23, 2016, Docket No. 54.)

Defendants Paul Ince, Bill Beckman, Sanjiv Das, and Kevin T. Dobie now object to the R&R. (Defs.' Obj. to R&R, Apr. 6, 2016, Docket No. 56.) Defendants agree that dismissal for failure to prosecute is appropriate, but argue that it should be dismissal **with** prejudice. Defendants base their objection on two grounds. First, Defendants argue that because Lee's two filings after the Magistrate Judge's February 23 order do not mention them, this omission evidences her specific intent to abandon her claims against them. Second, Defendants argue that Lee's allegations, even if they were not abandoned, fail to

- 3 -

state a claim upon which relief can be granted and include fatal defects that could not be overcome by amendment.

## ANALYSIS

The Court reviews objections to an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Based on a *de novo* review, the Court will overrule Defendants' objection and adopt the Magistrate Judge's R&R. Under Rule 41(b), "a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting *Smith v. Gold Dust Casino*, 526 F.3d 402, 404-05 (8th Cir. 2008)). "Despite the breadth of the language of the rule," however, "a Rule 41(b) dismissal with prejudice 'is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999)). "[E]ven where the facts might support dismissal with prejudice, this ultimate sanction should only be used when lesser sanctions prove futile." *Id.* (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)).

Here, the Court finds that there is no clear record of delay or willfully disobedient conduct by Lee. First, Lee only failed to comply with a single order from the Magistrate Judge. While the Court does not approve of this conduct, it is insufficient to justify the drastic and extreme sanction of dismissal with prejudice. *See Givens v. A.H. Robins Co.*, 751 F.2d 261, 264 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41(b)

was not appropriate where the plaintiff's only transgression was failing to meet a discovery deadline).  Second, the Court is not convinced that Lee's two filings after the Magistrate Judge's February 23 order evidence a specific intent to abandon her claims against Ince, Beckman, Das, or Dobie.  *Pro se* filings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and the filings at issue appear to be wholly unrelated both to the February 23 order and Lee's claims against the objecting Defendants.

Finally, the Court will decline to reach Defendants' failure to state a claim arguments.  The Magistrate Judge explicitly noted in his February 23 order that Lee's action would be dismissed without prejudice if she failed to file the required documents before March 15.  The Court concludes that it would be unfair to alter and increase this sanction after the fact, particularly when there is no clear record of delay or bad conduct.  The Court declines to reach these arguments for an additional reason – because Lee's allegations are so disjointed, unclear, and strewn across at least seven different filings, the Court cannot definitively say at this stage that she would be unable to file a cognizable amended complaint.

Altogether, the Court concludes that dismissal without prejudice for failure to prosecute is the appropriate lesser sanction.  If Lee elects to recommence this action, she must comply with Rule 8(a) and allege facts that, if true, state a plausible claim for relief.  Defendants, meanwhile, will still have the opportunity to challenge the sufficiency of that amended complaint, if and when it is filed.

# ORDER

Based on foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES d**efendants Paul Ince, Bill Beckman, Sanjiv Das, and Kevin T. Dobie's objection [Docket No. 56] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 54].  Accordingly, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. Plaintiff's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 17, 2016            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                          Chief Judge
                          United States District Court